■ MICHAEL C. SABATINO, Respondent, v. ONONDAGA WHOLESALE GROCERY CORPORATION et al., Appellants.— Order unanimously reversed, without costs of this appeal to any party and motion denied, without costs, without prejudice to an application under rule 122 of the Rules of Civil Practice upon appropriate papers. Memorandum: The application herein was made under the wrong section of the Civil Practice Act and rules and the papers were insufficient in any event. (Appeal from order of Onondaga Special Term, granting plaintiff's motion for an order of discovery and inspection to enable plaintiff to draft a complaint.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HUBERT LEE RIVERS, Alias HERBERT LEE RIVERS, Appellant.— Judgment of conviction upon the first count of the indictment unanimously affirmed; judgment of conviction upon the second count of the indictment unanimously reversed on the law and facts and a new trial granted as to that count. Memorandum: The defendant was charged in the first count of the indictment with selling narcotics to one Tyler in violation of subdivision 1 of section 1751 of the Penal Law and in the second count of the indictment with giving narcotics to one Mitchell, in violation of the same section. He was convicted of both charges, and was sentenced to State prison terms to run concurrently. The proof adequately established the defendant's guilt under the first count and there were no errors in connection with that conviction warranting a reversal. However, the court should have charged the jury, as to the second count, that there was a question of fact as to whether Mitchell was an accomplice and that, if he were found to have been one, his testimony was required to be corroborated under section 399 of the Code of Criminal Procedure. Upon the evidence, there was a question of fact as to whether the narcotics alleged to have been given to Mitchell by the defendant had been intended as a gift for his own personal use or whether Mitchell had been expected to resell them for the account of the defendant and to receive a commission therefor in narcotics or in money. If the latter was found to be the fact, Mitchell was an accomplice, whose testimony required corroboration (*People* v. *Malizia*, 4 N Y 2d 22). (Appeal from judgment of Onondaga County Court, convicting the defendant of felonious sale of heroin.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT C. SATISFIELD, Appellant.— Order unanimously affirmed. (Appeal from order of Onondaga County Court denying an application to vacate a judgment convicting defendant of first degree manslaughter on February 18, 1949, without a hearing.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.